THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN SANTANA FLORES, k/a "EL GATO", Defendant and Appellant.

Nos. 15998–999. Argued November 1, 1955.—Decided April 10, 1956.

*E. J. Fonfrías* and *F. Ramos Quirós* for appellant. *J. B. Fernández Badillo, Acting Attorney General,* and *Rafael L. Ydrach Yordán* and *Ramón Olivo Nieves, Fiscal* and *Special Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Juan Santana Flores was prosecuted in the Superior Court, Bayamón Part, for violations of § 6 of the Weapons

Law,[1] and of §§ 21 and 77 of the Alcoholic Beverages Act.[2] The two causes were tried jointly. He was found guilty of both offenses and sentenced in each case to six months in jail to be served concurrently. He appealed in both prosecutions and discusses both appeals in a single brief.

We shall make a brief summary of the evidence introduced and then turn to the errors assigned, which appellant maintains warrant the reversal of the judgments.

The evidence for the prosecution tended to prove that a number of internal revenue agents under the authority of a search warrant to seize clandestine rum in appellant's residence, searched the interior of the house as well as the back yard, finding in the latter place an amount of rum on which no internal revenue stamps had been affixed. In the house, in a woman's handbag which was kept in a wardrobe, they found a revolver, defendant having no license for its possession. The weapon was found after the agents had seized the clandestine rum, while they were searching the interior of the house. According to the testimony of one of the witnesses for the prosecution, when the revolver was discovered the appellant stated it had been pawned to him. The evidence for the defense consisted of the testimony of defendant, who testified that the agents did not seize any

---

[1] Weapons Law of Puerto Rico, No. 17 of January 19, 1951, as amended. Section 6 of said Law provides in part that: "Any person who has or possesses any pistol, revolver, or other firearm without having a license therefor issued as hereinafter provided, shall be guilty of a misdemeanor . . ." 25 L.P.R.A. § 416.

[2] Spirits and Alcoholic Beverages Act, No. 6 of June 30, 1936 (Spec. Sess. Laws, (2) p. 44, as amended. Section 21 of said Act provides in part that: "No person shall transport, possess, buy, sell, or transfer distilled spirits or alcoholic beverages unless there is affixed to the container thereof a stamp evidencing the payment of the internal-revenue taxes imposed by this subtitle on said taxable products . . ." 13 L.P.R.A. § 1574, and § 77 reads in part as follows: "Every person having in his possession or in any place at his disposition any products subject to tax by this subtitle, on which the tax has not been paid, except those duly authorized by this subtitle, shall be guilty of a misdemeanor, and shall, upon conviction thereof, be punished as hereinafter set forth: . . . ." 13 L.P.R.A. § 1754.

rum, and as to the revolver, that he did not know that it was in his house, or to whom it belonged.

■ In his first assignment appellant contends that the court erred in "admitting the weapon seized as evidence legally obtained . . . , and therefore, in declaring him guilty of a violation of § 6 of the Weapons Law of Puerto Rico."

He contends that the court erred in refusing to suppress the revolver as evidence since "The search warrant was issued against defendant's residence in search of clandestine rum, and not in search of a weapon which was found in a woman's handbag kept in a wardrobe," and that the seizure of said weapon constituted a violation of paragraphs 3 and 4 of § 10 of Art. II of the Constitution of the Commonwealth of Puerto Rico. The assignment is untenable. *People* v. *Rodríguez*, 73 P.R.R. 310; *People* v. *Malbert*, 75 P.R.R. 651. Our ruling in those cases applies in the instant case, although the search warrants involved in those cases were issued while the Organic Act of Puerto Rico of 1917 was in force. The provisions of this Act concerning search warrants and those of paragraph 3 of § 10 of Art. II of the Constitution of the Commonwealth of Puerto Rico are practically identical. The Organic Act provided in § 2, par. 14: "That no warrant for arrest or search shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." Paragraph 3 of § 10 of Art. II of the Constitution of the Commonwealth of Puerto Rico provides that: "No warrant for arrest or search and seizure shall issue except by judicial authority and only upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the persons to be arrested or the things to be seized."

■ It is also urged that the possession of a firearm is not illegal *per se*, whereby it is necessary that a search warrant "be issued expressly and particularly for the seizure of

the weapon, upon probable cause supported by oath or affirmation that the person who possesses it has no license therefor," adding that the contrary would be tantamount to a violation of the constitutional guarantee of presumption of innocense. Irrespective of whether or not the possession of a firearm is illegal *per se*, the evidence in the case at bar showed that when the revolver was seized, the appellant alleged that it had been pawned to him, and as the prosecuting attorney very properly stated "The seizure of the revolver was necessary, not precisely because of its intrinsic nature, but because defendant's admission clearly established the commission of an offense: the illegal possession of a firearm." The internal revenue agents seized the revolver while they were legally inside appellant's residence by virtue of a search warrant issued to seize certain clandestine rum not bearing the internal revenue stamps.

■ The second error challenges the judgment rendered in the count charging a violation of the Alcoholic Beverages Act, alleging that "the trial court [erred] in convicting the defendant . . . in the light of altogether inaccurate and doubtful evidence." There is no basis to conclude that the court weighed the evidence erroneously, and the evidence which it believed is sufficient to uphold the judgment.

The two judgments appealed from will be affirmed.